IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONYEL Y BELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-253-CAR-CHW |
| | : | |
| BALDWIN STATE PRISON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Tonyel Y. Bell, a prisoner currently confined in the Baldwin State Prison in Hardwick, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).   Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2).   For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, and he is **ORDERED** to recast his Complaint as directed below within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action.   His motion to proceed IFP (ECF No. 2) is thus **GRANTED.**

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the

full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of

Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations on Release from Custody</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff must pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST COMPLAINT**

While Plaintiff has submitted a Complaint on the Court's standard form, the form is unsigned and incomplete. Plaintiff has not identified a single Defendant in this case. *See* ECF No. 1 at 1, 4. He also fails to allege any facts to support his allegations of "cruel & unusual punishment, violation of civil human and constitutional rights, as well amendments also." *Id.* at 4. On June 12, 2025, the Clerk issued Plaintiff a notice of deficiency instructing Plaintiff to sign his Complaint, but he has failed to do so. If Plaintiff wishes to continue with this action, he is therefore **ORDERED** to recast his Complaint on

the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order.   The recast complaint must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions.   Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original Complaint (ECF No. 1).**   The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form.   Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.   Plaintiff is also warned that the Court cannot rule on what it cannot read.   Plaintiff should therefore do his best to write as legibly as possible.   Plaintiff must also ensure that he signs his Complaint, as required by Federal Rule of Civil Procedure 11.   The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard § 1983 form, marked with the case number for this case, that the Plaintiff should use to submit his recast complaint.

4

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED**, and he is **ORDERED** to recast his Complaint as explained above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.** Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address. There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 14th day of July, 2025.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge

5