IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TONYEL Y BELL,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 5:25-cv-253-CAR-CHW |
| : | |
| **BALDWIN STATE PRISON,** *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

### RECOMMENDATION OF DISMISSAL

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Tonyel Y. Bell, an inmate in the Baldwin State Prison in Hardwick, Georgia, has filed a Recast Complaint (ECF No. 6). Plaintiff also filed a second motion for leave to proceed *in forma pauperis* (ECF No. 7). The Court already granted Plaintiff's motion to proceed *in forma pauperis*; as such, his pending motion seeking the same status is **DENIED as moot.** For the following reasons, it is **RECOMMENDED** that this case be dismissed without prejudice.

### PRELIMINARY SCREENING OF PLAINTIFF'S RECAST COMPLAINT

I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case,

and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Factual Allegations and Plaintiff's Claims

Plaintiff's claims appear to arise from his incarceration at the Georgia Diagnostic and Classification Prison and the Baldwin State Prison in 2024 and 2025. ECF No. 6 at 5. In its entirety, Plaintiff's statement of claims appears to read: "Cruel & unusual punishment, violation of Civil, Human and Constitutional rights as well Amendments also." *Id.* Plaintiff does not list any individuals as Defendants in this action, *see id.* at 4; instead, he seems to name just the prisons themselves as Defendants, *see id.* at 1. It appears Plaintiff simply resubmitted a signed copy of his original Complaint (ECF No. 1) rather than recast his Complaint on the Court's standard form, as he was ordered to do. *See* ECF No. 5 at 3-4.

3

Plaintiff's Recast Complaint, as pleaded, fails to state an actionable claim. As an initial matter, the prisons themselves are not entities capable of being sued under 42 U.S.C. § 1983. Pursuant to Fed. R. Civ. P. 17(b), the capacity to sue or be sued is determined by the law of the state where the district court is located. Thus, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities that can sue or be sued: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue." *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1988) (quoting *Cravey v. Se. Underwriters Ass'n*, 105 S.E.2d 497, 501 (Ga. 1958)). A state prison does not fall into any of these categories, nor is it considered a "person" subject to suit under 42 U.S.C. § 1983. *See, e.g., Brannon v. Thomas Cnty. Jail,* 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that a county jail "is not an entity capable of being sued under Georgia law"); *Allen v. Brown,* No. CV 112–052, 2013 WL 1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 61, 71 (1989) (affirming vacatur of judgment against state agency after concluding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Laster v. Ga. Dep't of Corr.*, Civil Action No. 5:21-cv-00464-TES, 2022 WL 4450485, at *3 (M.D. Ga. Sept. 23, 2022) ("Georgia law makes it clear that individual prisons are not separate entities—rather, each prison is a unit of the Georgia Department of Corrections."), *rev'd in part on other grounds*, No. 22-13390, 2023 WL 5927140 (11th Cir. Sept. 12, 2023).

Perhaps more to the point, Plaintiff has also failed to identify any potentially wrongful conduct in this case or plead any facts associating any individual with that wrongful conduct. In the Order to recast his Complaint, the Court instructed Plaintiff to identify any individuals or entities that he wanted to include as defendants in this action and then explain to the Court exactly how each individual or entity violated his constitutional or statutory rights. ECF No. 5 at 4. Plaintiff did not follow these instructions, and his conclusory statements that he was subjected to cruel and unusual punishment or that his unspecified constitutional rights were violated are not enough to state an actionable claim. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). His claims should also be dismissed for this reason.

## CONCLUSION

For the foregoing reasons, Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 7) is **DENIED as moot,** and it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 24th day of October, 2025.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge